UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4570

PAUL ANTHONY HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-99-8)

Submitted: April 28, 2000

Decided: July 21, 2000

Before WILKINS and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michelle C.F. Derrico, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant
United States Attorney, Brad Giles, Third-Year Legal Intern, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, Paul Anthony Harris was convicted of conspiracy to distribute heroin that resulted in death or serious bodily injury in violation of 21 U.S.C.A. § 846 (West 1999), and two counts of distribution of heroin that resulted in death or serious bodily injury in violation of 21 U.S.C.A. § 841(a) (West 1999), 18 U.S.C. § 2 (1994).* Harris appeals, challenging a portion of the district court's jury instructions, the sufficiency of the evidence, and an alleged variance between the indictment and evidence presented at trial. We find no merit to his claims; consequently, we affirm.

Harris first argues that the district court erred in instructing the jury that heroin need not be the sole cause of death or serious bodily injury in order to find him guilty. We review the content of a jury instruction for an abuse of discretion. See United States v. Helem, 186 F.3d 449, 454 (4th Cir.), cert. denied, 120 S. Ct. 595 (1999). To impose a twenty-year, mandatory-minimum sentence, the plain language of the statute requires that death "result[ ] from" the use of a controlled substance distributed by Harris. See 21 U.S.C.A. § 841(b)(1)(C) (West 1999). Contrary to Harris' contention on appeal, the statute does not suggest that heroin must be the sole cause of death or serious bodily injury. See United States v. Robinson, 167 F.3d 824, 830-31 (3d Cir.) (citing United States v. Patterson, 38 F.3d 139, 145 (4th Cir. 1994), and discussing provision in sentencing context), cert. denied, 120 S. Ct. 118 (1999). We therefore find no abuse of discretion.

Next, Harris contends that the evidence was insufficient to support his conspiracy conviction because the testimony from Alvin "Tootie" Wilson was inconsistent and conflicted with another witness' testi-

_____

*Harris does not challenge on appeal his convictions on two counts of distribution of heroin.

2

mony. To the extent that Harris challenges Wilson's credibility, we do not review the credibility of witnesses or weigh the evidence. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Harris also contends that his conviction could not be based solely on Wilson's testimony. However, uncorroborated testimony of an accomplice may provide an adequate basis for conviction. See United States v. Patterson, 150 F.3d 382, 386 (4th Cir. 1998), cert. denied, 525 U.S. 1086 (1999). To the extent that Harris asserts that the evidence was insufficient to prove he participated in a conspiracy because he merely sold heroin, we reject his claim. See United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993) (noting that nature of contemporary drug conspiracy is "loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market"); United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) ("[E]vidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were co-conspirators."). We therefore find the evidence sufficient to support Harris' conspiracy conviction. See United States v. Burgos, 94 F.3d 849, 857, 862-63 (4th Cir. 1996) (en banc) (stating standard of review and elements of offense).

Harris also argues that the evidence was insufficient to prove that the death or serious bodily injury resulted from heroin he distributed. We have carefully reviewed the trial testimony included in the appendices submitted to this court and conclude that the evidence was sufficient. See Burgos, 94 F.3d at 862-63.

Finally, Harris asserts that there was a fatal variance because the indictment alleged a single conspiracy and the evidence at trial proved a different conspiracy. Because the evidence was sufficient for a reasonable jury to find Harris guilty of involvement in a single conspiracy, Harris is not entitled to relief. See United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994).

Accordingly, we grant the government's motion to file a supplemental appendix and affirm Harris' convictions for conspiracy and distribution of heroin that resulted in death or serious bodily injury. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4